IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

XAVIER NORMAN, )
)
    Plaintiff, )
)
vs. ) Civil Action No. _____
)
NORFOLK SOUTHERN RAILWAY )
COMPANY, a corporation, )
) **JURY TRIAL DEMANDED**
    Defendant. )
)

## COMPLAINT

Comes now the Plaintiff, XAVIER NORMAN, by and through his attorneys, PRATT & TOBIN, P.C. (and COFFEY KAYE MYERS & OLLEY, local counsel), and for his cause of action against the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, alleges as follows:

    1.    That on or about May 27, 2019, and for some time prior thereto and thereafter, the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, was engaged in the business of interstate commerce in and throughout the several states of the United States as a common carrier by railroad; and for the purpose thereof did operate and do business in and about Hunterdon County, New Jersey.

    2.    Plaintiff herein is Xavier Norman, a citizen and resident of Virginia residing therein at 2973 Old Forge Road, Callaway, Virginia 24067.

    3.    The defendant is a corporation duly organized and existing under and by virtue of the laws of the State of Georgia and does business in the state of New Jersey.

4. That at said time and prior thereto, Plaintiff was employed by the Defendant as a machine operator/laborer and was engaged in the performance of his duties as such worker at the time he was caused to be injured on the aforesaid date as hereinafter alleged.

5. That at said time and prior thereto, Defendant was engaged in interstate commerce as a common carrier by railroad, and all or part of Plaintiff's duties as an employee of the Defendant were in furtherance of interstate commerce and closely, directly and substantially affected the same, by reason whereof the rights and liabilities of the parties were governed by the Act of Congress known as the Federal Employers' Liability Act, 45 U.S. Code, Section 51-60.

6. Jurisdiction is based upon 42 U.S.C. § 1331, referred to as federal question jurisdiction, and the Federal Employers' Liability Act, 45 U.SC. §§ 51 et seq., particularly, § 56.

7. That on or about May 27, 2019, Plaintiff was engaged in the course of his employment with Defendant, at or near Three Bridges, Hunterdon County, New Jersey, when the tie remover inserter machine he was operating was struck by a tie crane machine and was caused to be severely and permanently injured in whole or in part, due to the carelessness and negligence of Defendant as hereinafter alleged.

8. That Defendant, by and through its duly authorized agents and employees, was then and there guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers' Liability Act:

    a. Failing to provide a reasonably safe place to work; and/or

    b. Failing to provide safe and suitable tools and equipment; and/or

    c. Failing to warn Plaintiff of reasonably foreseeable hazardous conditions existing with Defendant's equipment; and/or

    d. Failing to provide a safe and suitable tie crane machine; and/or

e.   Failing to furnish Plaintiff with reasonably necessary and proper equipment with which to perform his assigned duties; and/or

f.   Allowing unsafe practices to become the standard practice; and/or

g.   Assigning Plaintiff work which Defendant knew or, in the exercise of reasonable care, should have known would result in injury to Plaintiff; and/or

h.   Failing to provide reasonably safe methods of work; and/or

i.   Failing to furnish Plaintiff with necessary and proper supervision in the performance of his assigned duties; and/or

j.   Failing to properly train the operator of the tie crane machine.

9.   That as a result, in whole or in part, of one or more of the foregoing negligent acts or omissions, Plaintiff sustained severe and permanent injuries to his back, neck, spine and body, resulting in disability and disfigurement and which has caused and will cause him in the future to suffer great pain and mental anguish; and he has lost and will in the future lose earnings he otherwise would have earned but for his injury; and he has been and will in the future be compelled to obligate himself for medical aid and attention; he has and will in the future suffer a loss of a normal life; he has and will suffer disability; his injuries have and will in the future make him incur medical bills; and his future earning capacity has been seriously diminished thereby; All To The Damage of the Plaintiff in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

WHEREFORE, Plaintiff, XAVIER NORMAN, prays judgment against the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) and for costs of suit.

                COFFEY KAYE MYERS & OLLEY

                BY: *s/ Lawrence A. Katz, Esquire*
                      LAWRENCE A. KATZ
                      MICHAEL J. OLLEY
                      Local Counsel for the Plaintiff
                      Two Bala Plaza, Suite 718
                      Bala Cynwyd, PA  19004
                      610-668-9800
                      610-667-3352 (Fax)
                      lkatz@ckmo.com (Email)

OF COUNSEL:

Benjamin P. Tobin[1]
Attorney
Pratt & Tobin, P.C.
150 South Bellwood Drive
P. O. Box 179
East Alton, IL 62024
Telephone: (618) 259-8011
(800) 851-5562
Facsimile:  (618) 259-6793
E-mail: lawoffice@prattandtobin.com
E-mail: btobin@prattandtobin.com

---

[1] Mr. Tobin will be seeking pro hoc vice admission.